VAN DER VEEN, HARTSHORN & LEVIN
BY:   Michael T. van der Veen
      ID No. 75616
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000
      F: (215) 546-8529                     **ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| **LESLIE RIVERA** | **UNITED STATES DISTRICT COURT** |
| 4227 N. Fairhill Street | **EASTERN DISTRICT OF** |
| Philadelphia, PA 19131 | **PENNSYLVANIA** |
| vs. | No._____ |
| **THE UNITED STATES OF AMERICA** | |
| 615 Chestnut Street, Suite 1250 | **ARBITRATION MATTER** |
| Philadelphia, PA 19106 | |

## COMPLAINT IN CIVIL ACTION

1. Plaintiff Leslie Rivera is an adult individual residing at the address indicated above.

2. Defendant The United States of America ("United States") is a government entity with offices located at the address indicated above.

3. At all times relevant and material hereto, Defendant United States acted by and/or through their agents, servants, workmen, contractors and/or employees, and specifically Colleen Adamski, who were acting within the course and scope of their employment and their authority.

4. Defendant United States is liable for the acts and omissions of their agents, servants, workmen, contractors and/or employees through the doctrines of vicarious liability and respondeat superior.

5. At all times relevant and material hereto, Plaintiff was the owner and/or operator of a motor vehicle (hereinafter "Plaintiff's vehicle").

6. At all times relevant and material hereto, Colleen Adamski was the operator of a motor vehicle, specifically a United States Postal Service vehicle, with permission, which was owned by Defendant United States (hereinafter "Defendant's vehicle").

7. On November 6, 2019, Plaintiff's vehicle was traveling on J Street at or near its intersection with Pike Street in Philadelphia, Pennsylvania.

8. On the aforementioned date, while Plaintiff's vehicle was making a right turn onto Pike Street, Defendant's vehicle negligently exited from the spot where it was parked on Pike Street and struck Plaintiff's vehicle, causing Plaintiff to suffer serious bodily injury, as described below.

9. This accident resulted solely from the negligence and carelessness of the Defendant and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

10. The negligence and carelessness of Defendant United States by and through its agent, servant, workman, contractor and/or employee, and specifically Colleen Adamski, consisted of the following:

(a) failing to properly operate and control their motor vehicle by failing to maintain a safe distance from Plaintiff's vehicle;
(b) driving at an excessive and unsafe rate of speed under the circumstances;
(c) failing to maintain a proper and adequate lookout;
(d) failing to give proper and sufficient warning of the approach of said motor vehicle;
(e) failing to follow and observe traffic patterns and conditions;
(f) failing to regard the rights, safety and lawful position of Plaintiff at the point aforesaid;
(g) striking the Plaintiff's vehicle;
(h) negligently exiting a parking space without regard for oncoming traffic;
(i) negligently entering Plaintiff's lane of travel when it was not safe to do so;
(j) making an improper and unsafe lane change;
(k) driving while distracted; and
(l) failing to properly and adequately maintain said motor vehicle.

11. The negligence and carelessness of Defendant United States further consisted of the following:

    (a) negligently entrusting the aforesaid motor vehicle to their agents, servants, workmen, contractors and/or employees;
    (b) permitting an inexperienced and incompetent person to operate Defendant's vehicle, who engaged in the conduct set forth hereinabove;
    (c) failing to properly train and supervise their agents, servants, workmen, contractors and/or employees;
    (d) failing to control the acts and conduct of its agents, servants, workmen, contractors and/or employees and instead acquiescing in their negligence and carelessness;
    (e) failing to properly maintain, operate and control Defendant's vehicle in order to ensure the health, safety and welfare of other persons, specifically Plaintiff; and
    (f) failing to properly and adequately maintain Defendant's vehicle.

12. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff was caused to suffer and sustain severe and debilitating personal injuries including, but not limited to: radiculopathy; musculoskeletal back pain; muscle strain; cervical spine sprain; thoracic spine sprain and lumbar spine sprain, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's great detriment and loss.

13. As a further result of the negligence and carelessness of the Defendant, Plaintiff has incurred and in the future will incur expenses for the treatment of her injuries, has been disabled and in the future will be disabled and not able to perform her usual functions, all to her detriment, financial and otherwise.

14. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, all to her detriment, financial and otherwise.

15. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff may suffer a loss of income and earning capacity in the future, all to her detriment, financial and otherwise.

16. As a further direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been unable to attend to daily chores, duties and occupations and may be unable to do so for an indefinite time in the future, all to her detriment, financial and otherwise.

17. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

18. As a further direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff has suffered physical pain, mental anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff demands that judgment be entered in her favor and against Defendant, plus interest and costs.

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE:                              BY: _____
                                         Michael T. van der Veen, Esquire
                                         Attorney for Plaintiff