IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLIE RIVERA,** *Plaintiff,* <br><br> v. <br><br> **UNITED STATES OF AMERICA** *Defendant.* | **CIVIL ACTION** <br><br> **NO. 22-4360** |

## MEMORANDUM

**Baylson, J.**                                                                                                    **April 21, 2023**

Defendant's Motion to Dismiss (ECF 4) addresses a statute of limitations issue. Defendant argues that Plaintiff's claims are barred under the Federal Torts Claims Act ("FTCA") because she did not file within six months of the denial of her administrative claim by the United States Postal Service ("USPS"). See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). USPS denied Plaintiff's administrative claim on October 25, 2021. Plaintiff filed this action on November 1, 2022. These facts are not disputed.

A parallel action filed by Plaintiff in state court (the "State Action") complicates the analysis. Plaintiff filed the State Action based on the same events in the Court of Common Pleas for Philadelphia County on August 12, 2021, while her administrative claim was still pending. The State Action was subsequently removed to this Court on July 28, 2022. Civ. No. 22-2958, Dkt. No. 1. On October 7, 2022, this Court concluded that it lacked subject matter jurisdiction because the state court had no jurisdiction to adjudicate the action originally and therefore the Court lacked derivative jurisdiction to hear the case. Civ. No. 22-2958, Dkt. No. 8 at 4.

1

Accordingly, the Court granted the United States' motion to substitute as sole defendant and dismissed this case without prejudice as to any "Plaintiff's right, if any, to bring such claims against the United States." Id. at 1.

Plaintiff argues that her untimely claim is preserved by a savings clause: 28 U.S.C. § 2679(d)(5). That savings clause is inapplicable here. It saves only claims presented to the appropriate federal agency within 60 days of dismissal of an otherwise timely civil action *specifically* for failure to present those claims to the agency first under 28 U.S.C. 2675(a). See 28 U.S.C. § 2679(d)(5). Here, those circumstances are absent. Plaintiff's claims in the State Action were not dismissed for failure to first present a claim pursuant to 28 U.S.C. 2675(a). Those claims were already pending before an administrative agency when Plaintiff filed. Under the clause's plain language, it cannot apply here.

Plaintiff also points to order on October 7, 2022 dismissing the State Action after it had been removed. See Civ. No. 22-2958, Dkt. No. 8. There, the Court noted that "despite the dismissal, the claimant is usually still able to take another bite of the apple by filing a new complaint in federal court." Id. at 3. Plaintiff also points to the Court's citation of Selvaggio v. Horner, 42 F.Supp.3d 732, 735 (E.D. Pa. 2014) (Bartle, J.) ("This ruling is without prejudice to the right of the plaintiff . . . to file a timely action against the United States in this court under the FTCA"). Accordingly, Plaintiff argues that she is permitted another bite of the apple here.

Plaintiff's reading of the order is mistaken. The Court explicitly noted that at that time, it did not consider "Plaintiff's and Defendants' arguments as to. . . the timeliness of Plaintiff's filing." Civ. No. 22-2958, Dkt. No. 8 at 4. The Court was also explicit that "this ruling is without prejudice as to Plaintiff's *valid* claims, *if any*, against the United States arising from these facts." Id. at 4 (emphasis added). The Court did not hold that otherwise invalid or time

barred claims would be given validity or excused. It only noted that claims against the United States would not be prejudiced by the dismissal of the claims against other defendants with prejudice. Selvaggio offers no refuge for Plaintiff either. There, the court's ruling was "without prejudice to the right of the plaintiff. . . to file a *timely* action against the United States *in this court* under the FTCA." Selvaggio, 42 F.Supp.3d at 735 (emphasis added). The Selvaggio court did not save untimely motions, it merely withheld dismissal with prejudice in this situation.

Yet equitable tolling may be appropriate. The Third Circuit has held that equitable tolling can apply to the FTCA's statute of limitations. Santos ex rel. Beato v. United States, 559 F.3d 189 (3d Cir. 2009). Equitable tolling is primarily applied in three circumstances:

> "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting ... her rights; or (3) where the plaintiff has timely asserted ... her rights mistakenly in the wrong forum."
>
> D.J.S.-W. by Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).

A litigant "will not receive the benefit of" tolling in ay of these situations "unless she exercised due diligence in pursuing and preserving her claim."[1] Id. Equitable tolling will not

---

[1] The Supreme Court has clarified that the diligence required for equitable tolling purposes is "reasonable diligence" not "maximum feasible diligence." Holland v. Florida, 560 U.S. 631, 653 (2010).

extend to a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." Holland v. Florida, 560 U.S. 631, 651-52 (2010).[2]

In Santos, the Third Circuit held equitable tolling may be appropriate when a plaintiff files in state court by mistake if Plaintiff had nevertheless pursued the claim diligently. 559 F.3d at 204. However, there were "extraordinary" factual circumstances since the defendant's federal status was "oblique at best", and thus the mistake of filing in state court did not implicate a lack of diligence. Id. A key inquiry, therefore, is whether the State Action was filed in state court in diligent advancement of Plaintiff's case or because of attorney error or neglect.

Neither party briefs the equitable tolling doctrine fully. Defendant simply argues that none of the circumstances for equitable tolling apply since Plaintiff did not assert her claims in the wrong forum, despite acknowledging that Plaintiff had filed the State Action below.[3] Mot. at 6-7. Plaintiff does not address the issue, instead relying only on the inapplicable savings clause.

Further, Plaintiff does not address Defendant's arguments regarding exhaustion of administrative claims, arguing that they cannot be raised for the first time under this Court's local rules. Nevertheless, the exhibits Plaintiff attached to her response are new evidence of possible failure to exhaust and therefore the Court will ask both parties to address the issue.

---

[2]  In the case of egregious attorney misconduct that constitutes an "extraordinary" circumstance, equitable tolling may also be appropriate. Holland, 560 U.S. at 652.

[3]  Defendant does argue that the State Action was "essentially a nullity" because no court ever properly had jurisdiction. But Santos defeats the argument that tolling cannot be applied solely because an invalid state case should have been brought under the FTCA.

Thus, the Court will order both parties to file supplemental briefing limited to the issues of equitable tolling and exhaustion of administrative remedies.[4] An appropriate order follows.

---

[4] If factual issues prevent the Court from being able to fully assess the relevant circumstances that would govern whether equitable tolling should apply here, the Court may order the parties to engage in limited discovery on the issue alone.