**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LESLIE RIVERA,** *Plaintiff,*<br><br>     **v.**<br><br>**UNITED STATES OF AMERICA,** *Defendant.* | **CIVIL ACTION**<br><br>**NO. 22-4360** |

<u>**MEMORANDUM RE: MOTION TO DISMISS**</u>

**Baylson, J.**                                                                                                **July 27, 2023**

This is a personal injury suit involving an alleged tort by a United States Postal Service ("USPS") worker.  Defendant argues that the suit must be dismissed for two reasons:

1) Plaintiff failed to provide a "sum certain" in her administrative claim, failing to exhaust her claim and thus depriving the Court of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(b)(1)), and

2) Plaintiff failed to file the instant action in federal court within the six-month period permitted under the Federal Tort Claims Act ("FTCA") and therefore her claim is time barred.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

It is undisputed that Plaintiff did not file in federal court within the six-month statutory period under the FTCA.  As stated in its previous memorandum on April 21, 2023, the Court did not accept Plaintiff's prior arguments regarding the timeliness of its filing.  <u>See</u> ECF No. 9. However, the Court asked both parties for supplemental briefing on the issues of (1) whether Plaintiff presented a sum certain; and (2) whether equitable tolling of Plaintiff's claim is appropriate.  <u>Id.</u>  Plaintiff's claim cannot survive unless the Court finds in her favor on both.

The parties have now addressed both issues in supplemental briefing.  Upon consideration of those briefings, the Court now concludes that the claim must be dismissed.  While the Court is satisfied that Plaintiff did present a sum certain, Plaintiff's counsel's failed to show that he pursued the claim diligently and therefore equitable tolling cannot apply.

## I)      ALLEGED FACTS AND PROCEDURAL HISTORY

On November 6, 2019, Defendant's vehicle, driven by USPS employee Colleen Adamski, allegedly exited from its parking spot on Pike Street in Philadelphia, PA, and struck Plaintiff's vehicle, causing serious bodily injury.  Compl. ¶ 6-8.  Plaintiff alleges this accident was solely the result of Defendant's negligence through its agent, Adamski.  Id. ¶ 9-10.  As a result of this accident, Plaintiff allegedly suffered personal injuries including radiculopathy, back pain, muscle strain, and multiple spine sprains, some of which may prove to be permanent.  Id. ¶ 12.

On October 13, 2020, Plaintiff submitted a standard form 95 (SF-95) pursuant to the Federal Tort Claims Act to USPS, filing an administrative claim based on the allegations above.  ECF No. 5 at 1.  On November 17, 2020, USPS acknowledge receipt of the SF-95 and requested further information.  Id.

On May 3, 2021, Plaintiff mailed a demand package to USPS with supporting medical record documentation and included a demand for $45,000.  See ECF No. 13, Ex. D.

On August 12, 2021, while Plaintiff's USPS administrative action was still pending, Plaintiff concurrently filed suit in the Philadelphia Court of Common Pleas against USPS and Adamski.  ECF No. 5 at 1.  The complaint in that action was served on USPS on August 23, 2021.  Id. at 2.

On October 25, 2021, USPS denied Plaintiff's administrative claim.  Id.

On July 28, 2022, USPS filed a notice of removal in the state court case.  Id.  On August 3, 2022, the United States moved to substitute itself as the sole named defendant and dismiss Plaintiff's claim.  Id.  On October 7, 2022, the Court granted the motion without prejudice.  Id.

On November 1, 2022, Plaintiff filed the present action.  ECF No. 1.  Defendant filed the instant motion on January 6, 2023.  ECF No. 4.  Plaintiff filed a response in opposition on January 27, 2023.  ECF No. 5.  Defendant filed a reply brief on February 1, 2023.  ECF No. 7.  Plaintiff filed a sur-reply without leave on February 8, 2023.  ECF No. 8.

On April 21, 2023, the Court filed a memorandum and order requesting supplemental briefing on the issues of equitable tolling and the exhaustion of administrative remedies (i.e., the sum certain requirement).  ECF Nos. 9, 10.  Defendant filed the requested supplemental memorandum on May 1, 2023.  ECF 11.  Plaintiff did not.  Accordingly, on May 5, 2023, the Court ordered Plaintiff to show cause as to why the complaint should not be dismissed for lack of subject matter jurisdiction.  ECF No. 12.  Plaintiff filed the ordered supplemental briefing addressing the sum certain issue on May 18, 2023 but did not address the issue of equitable tolling.  ECF No. 13.

On June 9, 2023, the Court issued an order finding that Plaintiff had satisfied the sum certain requirement and ordering Plaintiff to file supplemental briefing regarding equitable tolling.  ECF No. 15.  Plaintiff did so on June 22, 2023.  ECF No. 17.  With the Court's leave, Defendant filed a memorandum moving for reconsideration of the Court's finding on the sum certain issue and responding to Plaintiff's briefing on equitable tolling.  ECF No. 19.

## II)   LEGAL STANDARD

### A)  Motion to Dismiss for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

A court "must grant" a Rule 12(b)(1) "motion to dismiss if it lacks subject-matter jurisdiction to hear the claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual attack.  Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).  A facial attack concerns "'an alleged pleading deficiency' whereas a factual attack concerns "'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008) (quoting United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007) (alterations in original)).

In this case, Defendant's challenge is factual because the Motion challenges whether this Court has jurisdiction to hear the case based on adherence to jurisdictional prerequisites.  See CNA, 535 F.3d at 139.  When considering a factual challenge, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself of its power to hear the case.'" Davis, 824 F.3d at 346 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  Further, "[i]n reviewing a factual attack, the court may consider evidence outside the pleadings." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortenson, 549 F.2d at 891.

**B)  Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court must accept as

true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'"  129 S. Ct. at 1953.

The Court in Iqbal explained that, although a court must accept as true all factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.  Id. at 1949, 1953.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)).  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

**C)  Motion for Reconsideration**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council,

964 F.3d 218, 230 (3d Cir. 2020) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986))).  A court should

grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1)

there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is

a need to correct a clear error of law or prevent manifest injustice."  Brunson Commc'ns, Inc. v.

Arbitron, Inc., 246 F. Supp. 2d 446, 446 (E.D. Pa. 2003) (Baylson, J.) (citing Drake v.

Steamfitters Local Union No. 420, No. 97-585, 1998 WL 564486 (E.D. Pa. Sept. 3, 1998)

(McGlynn, J.).  "Because federal courts have a strong interest in finality of judgments, motions

for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified

Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (Cahn, J.).

### III)   DISCUSSION

For the reasons stated in the April 21, 2023 memorandum, the Court finds that Plaintiff filed

this suit after the six-month statute of limitations and that the savings clause that Plaintiff would

have the Court rely on is inapplicable here.  ECF No. 9.  The only issues left to address are (1)

whether Plaintiff provided a valid "sum certain" to USPS in the administrative claim; and (2)

whether Plaintiff is entitled to equitable tolling.

### A)  A Sum Certain was Presented in the Administrative Claim to USPS

Since the "sum certain" requirement is jurisdictional, the Court must consider it first to

ensure it has jurisdiction over the case.  In its order on June 9, 2023, the Court previously found

that Plaintiff had presented a sum certain to USPS in a letter containing a demand to settle.  ECF

No. 15.  Defendant moves the Court to reconsider that holding, arguing that it constitutes a clear

error of law.  ECF No. 19.  The Court disagrees.

6

Proper presentation of an administrative claim requires (1) written notice of the claim

sufficient to enable the agency to investigate, and (2) the value of the claim.  See 28 C.F.R. §

14.2.  The Third Circuit has found the value of the claim as a "sum certain" must be provided in

the form of a precise number.  See White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457-58 (3d

Cir. 2010).  Plaintiff provided a "demand to settle" of $45,000 in a demand package submitted in

the administrative action.  ECF No. 13, Ex. D at 3.  Defendant's central argument is that the

specific amount listed as a settlement demand cannot be a sum certain because the valuation of a

claim and the amount a party would be willing to pay to settle are not synonymous.

However, the demand letter was presented in an administrative adjudication.  In litigation,

there is a marked difference between presenting a damage valuation to an adjudicator in a

complaint and presenting a settlement offer to an adversary.  In an administrative adjudication,

the agency serves as both adversary and adjudicator.  While the agency serves both functions, the

line between presenting a valuation of the claim and presenting a settlement demand to USPS is

blurred.  The Court finds that the specific amount of $45,000 was, in the context of the demand

package,[1] a presentation of Plaintiff's asserted valuation of the claim to the agency.  To find

otherwise would be an act of excessive formalism.  While Defendant argues that such a finding

is inconsistent with the law, it offers no case law directly on point to support its contentions that

a claim valuation labeled as a "demand to settle" cannot satisfy the sum certain requirement.

Elsewhere, Defendant's arguments are unconvincing.  First, Plaintiff may not have provided

a breakdown of the figure of $45,000 by category or provide the basis for that demand in a way

---

[1] The Court finds a hypothetical useful here.  Had an identical letter been submitted but with the
phrase "Demand to Settle" replaced only with "Demand" or even "Claim Value", the substance
of the letter would not be altered because this letter was sent in an administrative adjudication.

that would allow the agency to evaluate the merits of the $45,000 valuation, but the sum certain requirement demands a number, not the factual basis underlying the number.  Defendant attempts to analogize to <u>Bialowas v. United States</u>, 443 F.2d 1047 (3d Cir. 1971).  But that case is inapposite.  There, a specific valuation was not provided at all.[2]

Perhaps Defendant's best remaining argument is that the damages section of the letter lists medical expenses from Jefferson Health-Aria as "to be supplied."  ECF No. 13, Ex. D at 2.  Where an amount is subject to an express caveat that it is not a sum certain but could potentially be adjusted when unspecified further information became available, courts in this circuit have not typically recognized that amount as a sum certain.  <u>See</u>, <u>e.g.</u>, <u>Diaz v. United States</u>, Civ. No. 5:20-cv-6305, 2021 WL 3022452, at *4 (E.D. Pa. July 16, 2021).  Unlike in <u>Diaz</u>, however, here there is no express statement that the valuation provided to the agency would change based on this information.  As the Third Circuit points out in <u>White-Squire</u>, the purposes of the sum certain requirement include 1) enabling prompt settlements, 2) allowing the agency head to determine whether the claim can be legally settled by the agency, and 3) allowing an agency to evaluate whether to settle based on the value of the claim.  <u>See White-Squire</u>, 592 F.3d at 459.  These goals are frustrated when an uncertain valuation, subject to change, is presented.  That is not the case here, where an exact figure was provided and the agency's ability to settle was not inhibited by the lack of such a figure.

The Court agrees that a jurisdictional requirement such as the sum certain requirement must be strictly construed because the FTCA's waiver of sovereign immunity is limited.  But strict construction of a jurisdictional requirement does not bar the Court from reading the $45,000

---

[2] Nor is the amount here a ceiling on damages.  Plaintiff provided an exact sum, unqualified by modifiers such as "less than" or "at least."

demand in the context in which it was presented to the agency.  The Court finds that the amount of $45,000 is a valuation of the claim as stated to the adjudicator and satisfies the sum certain requirement.  Thus, the Court will deny Defendant's motion to reconsider the sum certain finding.

### B)  Equitable Tolling is Not Warranted

Equitable tolling allows district courts to toll a statute of limitations when a plaintiff has pursued the claims diligently but was unable to file properly in a timely manner due to "sufficiently inequitable circumstances."  D.J.S.-W. by Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020).  Equitable tolling is only appropriate when the litigant seeking this remedy has "exercised due diligence in pursuing and preserving her claim."  Id. (citing Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).  The diligence must be "reasonable, not the "maximum feasible."  Holland v. Florida, 560 U.S. 631, 653 (2010).  But equitable tolling does not extend to a "garden variety claim of excusable neglect."  D.J.S.-W, 962 F.3d at 750.

The Court can discern no valid justification for Plaintiff's failure to pursue her claim in the correct forum.  Plaintiff's briefing makes no attempt to explain why she filed her claim improperly in state court, let alone justify the decision.  The Court has offered Plaintiff multiple opportunities to do so and noted explicitly that whether the state filing was made diligently or simply an error was an important issue.  See ECF No. 9 at 4 ("A key inquiry, therefore, is whether the State Action was filed in state court in diligent advancement of Plaintiff's case or because of attorney error or neglect.").  Without an alternative explanation, the Court can only attribute the error to garden variety neglect by Plaintiff's counsel.  Thus, Plaintiff cannot meet the requisite threshold of reasonable diligence to justify equitable tolling.

Plaintiff offers a fanciful alternative theory to argue that she is entitled to equitable tolling: that Defendant actively misled Plaintiff. True enough, if Defendant had actively misled Plaintiff and caused her to miss the relevant deadline, Plaintiff would be entitled to equitable tolling. See D.J.S.-W, 962 F.3d at 750 (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). But even when read in the most favorable light, Plaintiff's allegations are plainly deficient.

Plaintiff proposes that when she filed in the incorrect forum, Defendant should have filed preliminary objections or removed within the six-month period of the statute of limitations. Plaintiff alleges (without support for her allegations) that Defendant only refrained from doing so deliberately to allow the six months to expire.[3] Supposedly that alleged decision constitutes "active deception" that would justify equitable tolling. ECF No. 17 at 3.

Clearly, this is untrue. It would be farcical to suggest that Defendant has an obligation to take affirmative actions to remedy deficiencies in an adversary's counsel's legal knowledge or diligence. Plaintiff's counsel's responsibility to understand the relevant deadlines is beyond dispute. He cannot complain that Defendant actively misled him by declining to throw him a lifeline.

---

[3] While Plaintiff's argument could never hold water regardless, the Court notes that Defendant maintains that it filed for removal shortly after it became aware of the lawsuit. Even if this is untrue and Defendant's actions were calculated to allow the statute of limitations to expire, Defendant cannot be penalized when Plaintiff is responsible for her knowledge of the law. Nor has Plaintiff provided specific allegations that Defendant actively misled her counsel as to the state of the law.

**IV)      CONCLUSION**

The Court must conclude that Plaintiff's claim is barred because it was not timely filed in federal court.  Equitable tolling cannot save it because Plaintiff has failed to show that her decision to file in state court was the result of diligent pursuit of the claim.  Accordingly, the Court will dismiss the case with prejudice.

An appropriate order follows